Sanford H. Greenberg
Greenberg Freeman LLP
110 East 59th Street
22nd Floor
New York, New York 10022
(212) 838-9738
sgreenberg@greenbergfreeman.com

Attorneys for Plaintiff
Greenpoint Capital Management, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

| | |
|---|---|
| GREENPOINT CAPITAL MANAGEMENT, LLC, | |
| Plaintiff, | Civil Action No. |
| -against- | COMPLAINT |
| APOLLO HYBRID VALUE MANAGEMENT, L.P. and APOLLO HYBRID VALUE MANAGEMENT GP, LLC, | Jury Trial Demanded |
| Defendants. | |

-------------------------------------------------------------------

Plaintiff Greenpoint Capital Management, LLC ("Greenpoint"), by its attorneys, Greenberg Freeman LLP, for its complaint against Apollo Hybrid Value Management, L.P. ("Apollo LP") and Apollo Hybrid Value Management GP, LLC ("Apollo GP"), alleges upon knowledge with respect to its own acts and upon information and belief as to all other matters, as follows:

Nature of the Action

1.  This action arises out of Apollo LP's willful misappropriation, use and disclosure of Greenpoint's confidential and trade secret information in violation of a Confidentiality and Non-Disclosure Agreement. As set forth below, Apollo LP

1

improperly used Greenpoint's confidential and trade secret information and brazenly shared that information with a competitor of Greenpoint with whom Apollo LP has partnered to compete against Greenpoint in the litigation finance market. Accordingly, Greenpoint asserts claims against Apollo LP for violation of the Defend Trade Secrets Act, New York common law misappropriation of trade secrets, breach of contract, unfair competition and unjust enrichment. In addition, Greenpoint seeks to hold Apollo LP's general partner, Apollo GP, jointly and severally liable for Apollo LP's misconduct.

## The Parties

2. Greenpoint is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 1 Blue Slip, Suite 3C, Brooklyn, New York 11222.

3. Apollo LP is a limited partnership organized under the laws the State of Delaware with its principal place of business located at 9 West 57th Street, New York, New York 10019.

4. Apollo GP is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 9 West 57th Street, New York, New York 10019

5. Apollo GP is a general partner in Apollo LP. Accordingly, Apollo GP is jointly and severally liable with Apollo LP for the claims asserted herein.

## Jurisdiction and Venue

6. This Court has original subject matter jurisdiction under 28 U.S.C §1331 because this action involves a claim arising under the laws of the United States, the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1832, et seq., and supplemental

jurisdiction under 28 U.S.C. § 1367 because all other claims are so related to Greenpoint's claim for violation of the Defend Trade Secrets Act that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Apollo LP and Apollo GP and venue is proper in this district because Apollo LP and Apollo GC maintain their principal place of business and conduct business, including a substantial part of the events giving rise to Greenpoint's claims, in New York County and the Southern District of New York.

<u>Facts</u>

8. Greenpoint provides capital and other financing and risk-management solutions to trial law firms focused on personal injury, mass tort, class action, and commercial litigation.

9. Greenpoint engages in portfolio lending in which Greenpoint loans money to a law firm in tranches and retains a security interest in the legal fees generated by the firm's portfolio of mass tort, class action and personal injury cases. Through a related entity, Seventh Funding, LLC, Greenpoint has the ability to finance case specific expenses.

10. Greenpoint raises capital from strategic investors through sub-advisory relationships and then acts as the manager with respect to these investments. Greenpoint also has the ability to raise capital from investors through discretionary investment vehicles, which are typically organized as limited partnerships.

11. Greenpoint's valuation and monitoring of a borrower's portfolio of cases is of paramount importance and critical to the success of Greenpoint and Greenpoint's investors.

12. Greenpoint has developed a unique and proprietary method of valuing a borrower's portfolio of cases (and individual cases) using multiple criteria points based on Greenpoint's research and experience (the "Greenpoint Valuation Method").

13. The Greenpoint Valuation Method is not generally known in the litigation finance industry where many lenders rely merely on the values pleaded in complaints, value assessments determined by the borrowers, jury verdict reports and settlement reports for cases similar to those in the borrowers' portfolios.

14. The Greenpoint Valuation Method provides independent economic value to Greenpoint because it increases the likelihood that the borrowers' collateral will be available (i.e. the portfolio cases will be successful) and that the collateral will have sufficient value to repay Greenpoint on the loan and interest on the loan.

15. The Greenpoint Valuation Method provides additional independent value to Greenpoint because it enhances Greenpoint's ability to attract and retain investors in its funds by reducing risk and increasing the return on investments.

16. The Greenpoint Valuation Method differentiates Greenpoint from its competitors and provides a competitive advantage.

17. Greenpoint spent hundreds of thousands of dollars and engaged in approximately two years of research developing, testing and fine tuning the Greenpoint Valuation Method including, but not limited to, consulting and working with numerous experts, studying a proprietary database, synthesizing studies and reports, modeling and validating assumptions with attorneys and investors. Consequently, the Greenpoint Valuation Method cannot be easily duplicated by Greenpoint's competitors.

18. In addition, Greenpoint spent significant amounts of money and time developing marketing material to solicit investors including, but not limited to the following documents: (a) Greenpoint Investment Marketing Deck (the "Confidential Greenpoint Deck"); (b) Greenpoint Investment Process (the "Confidential Greenpoint Underwriting Program"); (c) Seventh Funding LLC Financial Model (the "Confidential Financial Model"); (d) Seventh Funding LLC Executive Summary (the "Confidential Executive Summary"); and (e) Greenpoint Litigation Finance Primer (the "Confidential Litigation Finance Primer") (individually and collectively, the "Greenpoint Confidential Documents").

19. The Greenpoint Confidential Documents contain material information about the Greenpoint Valuation Method and other information regarding Greenpoint's unique methods for investment origination, underwriting and monitoring its collateral along with other Greenpoint methods and procedures, Greenpoint's summary and analysis of the litigation finance industry and industry data, and Greenpoint's sales pitch.

20. The Greenpoint Confidential Documents including the Greenpoint Valuation Method are used by Greenpoint to solicit investors throughout the United States and the Greenpoint Valuation Method is used to evaluate case portfolios of law firms located throughout the United States and to enter into loan agreements with law firms located throughout the United States.

21. Greenpoint stores the Greenpoint Confidential Documents, including information relating to the Greenpoint Valuation Method, in a secure data center on enterprise-grade servers that undergo regular audits and are monitored twenty-four

hours per day, seven days per week.  All files are encrypted at rest using 256-bit AES encryption.  Access to Greenpoint's data room is limited and Greenpoint sets strict user permissions for anyone who is granted access to Greenpoint's data room.  Greenpoint uses audit and logging rights to track the information downloads and logging software to track opens and clicks.  Greenpoint's phones and computers are password protected.

22. The Greenpoint Confidential Documents, including the Greenpoint Valuation Method, is disclosed only to individuals and firms who agree to maintain the information as confidential pursuant to a written nondisclosure agreement. Even with nondisclosure agreements in place, Greenpoint is careful about the extent of the information disclosed.

23. On or about February 11, 2020 Apollo LP expressed interest in meeting with Greenpoint to discuss a possible investment in litigation finance.

24. Prior to meeting with Apollo, Greenpoint and Apollo executed a written Confidentiality and Non-Disclosure Agreement dated as of February 12, 2020 (the "NDA"). A copy of the NDA is annexed to this Complaint as Exhibit A and its terms are incorporated in this Complaint.

25. The NDA was executed by James Elworth, Vice President of Apollo GP, as the general partner of Apollo LP.

26. Pursuant to the NDA, Apollo LP agreed to maintain as confidential, among other information and subject to carve-outs typically found in a confidentiality agreement, all "non-public, confidential and/or proprietary information" disclosed by Greenpoint to Apollo LP or Apollo LP's representatives (the "Confidential Information").

27.     Pursuant to the NDA, Apollo LP agreed to use the Confidential Information "solely and exclusively to evaluate, negotiate and/or consummate the Transaction or to exercise their rights under" the NDA.  Apollo LP agreed that it would "not use any Confidential Information, except as otherwise provided" for in the NDA.

28.     On February 13, 2020, in accordance with the NDA, Greenpoint provided all of the Greenpoint Confidential Documents to Apollo LP by email.

29.     The Greenpoint Confidential Documents contain, among other confidential information, detailed and material aspects of the Greenpoint Valuation Method.

30.     On February 18, 2020 Greenpoint's founders, James Romeo and Stephen Brune, met with Matthew Michelini (a Senior Partner in Apollo LP and Co-Head of Apollo's Hybrid Value Fund), Jamie Caruso (a principal of Apollo LP) and Talaal Azeem (an Associate at Apollo LP) at Apollo's offices in New York City.

31.     At the February 18 meeting, Romeo and Brune expanded on the information contained in the Greenpoint Confidential Documents and provided additional confidential information regarding the Greenpoint Valuation Method including specific information regarding discount factors and variables used in the Greenpoint Valuation Method (the "Additional Verbal Confidential Information").

32.     The Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method are Confidential Information pursuant to the NDA.

33.     During the February 18 meeting, Michelini in particular was very complimentary.  Among other compliments, Michelini stated to Romeo and Brune that the Greenpoint Valuation Method and other confidential information contained in the

Greenpoint Confidential Documents along with the Additional Verbal Confidential Information provided by Romeo and Brune during the meeting was some of the best thinking and materials that he has seen in the litigation finance space.

34. Notwithstanding Apollo L.P.'s enthusiasm, Apollo LP did not invest in or with Greenpoint. As set forth below, Apollo LP likely had an ulterior purpose in meeting with Greenpoint.

35. At or about the time Apollo LP was meeting with Greenpoint, Apollo LP was investing in or with a litigation finance competitor of Greenpoint named Kerberos Capital Management LLC ("Kerberos"). Kerberos is located in Illinois.

36. As a result of Apollo LP's investment in or with Kerberos, Apollo LP had and continues to have a financial interest in the success of Kerberos. Apollo LP and Kerberos are jointly competing with Greenpoint in the litigation finance market.

37. Greenpoint's email logging software indicates that on February 13, 2020 the email sent by Greenpoint to Apollo LP containing the Greenpoint Confidential Documents was opened by an individual located in or near Illinois where Kerberos maintains its offices. Neither Apollo LP nor Apollo GP maintains an office in Illinois.

38. Kerberos' marketing deck from 2019 reveals that its approach to litigation finance was rudimentary and employed generic techniques for valuing case portfolios and monitoring its collateral. There was nothing unique about Kerberos' approach to litigation finance in 2019.

39. After Greenpoint provided the Greenpoint Confidential Documents and Additional Verbal Confidential Information to Apollo LP on February 13, 2020, Kerberos' approach to litigation finance and its marketing deck dramatically changed. Kerberos'

revised marketing deck from 2020 reveals that Kerberos adopted significant aspects of the Greenpoint Valuation Method. Moreover, significant aspects of the format and substance of Kerberos' revised 2020 marketing deck closely reflects and in some respects duplicates the format and substance of the Confidential Greenpoint Deck and other Greenpoint Confidential Documents.

40. Based on the foregoing, it is clear that Apollo LP provided to Kerberos the Greenpoint Confidential Documents, significant information regarding the Greenpoint Valuation Method and otherwise provided significant assistance to Kerberos including, but not limited to, drafting some or all of Kerberos' revised 2020 marketing deck using and incorporating significant aspects of the Greenpoint Confidential Documents and Additional Verbal Confidential Information provided to Apollo LP pursuant to the NDA.

41. Apollo LP and Kerberos have used the information contained in the Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method to compete with Greenpoint in the litigation finance market throughout the United States. Among other uses, Apollo LP and Kerberos have used the Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method to solicit investors throughout the United States, enter into loan agreements with law firm's throughout the United States and enhance their reputation and position in the litigation finance industry.

42. Apollo LP and Kerberos have profited from their use of the Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method.

43. As a result of Apollo LP's and Kerberos' improper and unauthorized use of in the Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method, Greenpoint has lost business and/or investors and/or borrowers and/or goodwill and/or reputation in the litigation finance market.

First Claim for Relief
(Breach of Contract)

44. Greenpoint repeats and realleges the allegations contained in paragraph 1 through 43 hereof.

45. The NDA is a valid and binding contract.

46. Greenpoint has performed all of its obligations under the NDA.

47. Apollo LP has breached the NDA by, among other things, using and disclosing the Greenpoint Confidential Documents, the Additional Verbal Confidential Information and the Greenpoint Valuation Method in violation of the terms of the NDA and for the purpose of competing against Greenpoint and to provide an unfair advantage to Apollo LP and Kerberos.

48. By reason of the foregoing, Greenpoint has been damaged in an amount to be determined at trial.

Second Claim for Relief
(Defend Trade Secrets Act)

49. Greenpoint repeats and realleges the allegations contained in paragraph 1 through 48 hereof.

50. The Greenpoint Valuation Method is a business and financial method and technique owned by Greenpoint that is not generally known to the public and is not

readily ascertainable by proper means to persons who could derive value from its disclosure or use.

51. Greenpoint has taken reasonable steps to maintain the secrecy of the Greenpoint Valuation Method.

52. The Greenpoint Valuation Method has substantial economic value and provides Greenpoint with a competitive advantage.

53. The Greenpoint Valuation Method relates to Greenpoint's products and services which are used in or intended for use in interstate commerce.

54. Accordingly, the Greenpoint Valuation Method is a trade secret pursuant to 18 U.S.C. § 1832, et seq.

55. Apollo LP misappropriated the Greenpoint Valuation Method by disclosing and using it for their commercial gain and the commercial gain of Kerberos in violation of the NDA and without Greenpoint's consent.

56. Apollo LP's disclosure and use of the Greenpoint Valuation Method was intentional, knowing, willful, malicious and fraudulent.  Apollo LP knew that the Greenpoint Valuation Method is confidential and a trade secret and Apollo knew it was obligated to maintain the Greenpoint Valuation Method as strictly confidential pursuant to the NDA and by the very nature of the circumstances under which Apollo LP gained access to the Greenpoint Valuation Method.  Nonetheless, without authorization or consent from Greenpoint, Apollo LP used the Greenpoint Valuation Method and disclosed the Greenpoint Valuation Method to Kerberos, a competitor of Greenpoint, for Apollo LP's commercial and financial benefit and the commercial and financial benefit of Kerberos.

57. As a direct and proximate result of Apollo LP's misappropriation, use and disclosure of the Greenpoint Valuation Method, Greenpoint has sustained and will continue to sustain substantial injury including, but not limited to, actual damages, lost profits, harm to its reputation, and the diminution in value of the Greenpoint Valuation Method and Greenpoint's business.

58. Apollo LP and Kerberos have been unjustly enriched by misappropriating, using and disclosing of the Greenpoint Valuation Method and Greenpoint is entitled to an award of the economic benefit realized by Apollo LP and Kerberos from their misappropriation, use and disclosure of the Greenpoint Valuation Method.

59. Greenpoint is entitled to an award of exemplary damages and reasonable attorneys' fees.

60. By reason of the foregoing, Greenpoint has been damaged in an amount to be determined at trial.

Third Claim for Relief
(New York Common Law
Misappropriation of Trade Secrets)

61. Greenpoint repeats and realleges the allegations contained in paragraph 1 through 60 hereof.

62. The Greenpoint Valuation Method is in continuous use by Greenpoint in the course of Greenpoint's business and it gives Greenpoint an advantage over competitors who do not know or use the Greenpoint Valuation Method.

63. Apollo LP misappropriated the Greenpoint Valuation Method by disclosing and using it for their commercial gain and the commercial gain of Kerberos in violation of the NDA and without Greenpoint's consent.

64. Apollo LP's misappropriation, disclosure and use of the Greenpoint Valuation Method was intentional, knowing, willful, malicious and fraudulent.  Apollo LP knew that the Greenpoint Valuation Method is confidential and a trade secret and Apollo knew it was obligated to maintain the Greenpoint Valuation Method as strictly confidential pursuant to the NDA and by the very nature of the circumstances under which Apollo LP gained access to the Greenpoint Valuation Method.  Nonetheless, without authorization or consent from Greenpoint, Apollo LP used the Greenpoint Valuation Method and disclosed the Greenpoint Valuation Method to Kerberos, a competitor of Greenpoint, for Apollo LP's and Kerberos' commercial and financial benefit.

65. As a direct and proximate result of Apollo LP's misappropriation, use and disclosure of the Greenpoint Valuation Method, Greenpoint has sustained and will continue to sustain substantial injury including, but not limited to, actual damages, lost profits, harm to its reputation, and the diminution in value of the Greenpoint Valuation Method and Greenpoint's business.

66. Apollo LP and Kerberos have been unjustly enriched by misappropriating, using and disclosing the Greenpoint Valuation Method and Greenpoint is entitled to an award of the economic benefit realized by Apollo LP and Kerberos from their misappropriation, use and disclosure of the Greenpoint Valuation Method.

67. Greenpoint is entitled to an award of exemplary damages and reasonable attorneys' fees.

68. By reason of the foregoing, Greenpoint has been damaged in an amount to be determined at trial.

## Fourth Claim for Relief
(Unfair Competition)

69. Greenpoint repeats and realleges the allegations contained in paragraph 1 through 68 hereof.

70. Greenpoint devoted substantial amounts of effort, time, expense and other resources to the development of the Greenpoint Confidential Documents and the Greenpoint Valuation Method.

71. Apollo LP has misappropriated Greenpoint's labor, skills, expenditures and good will and has otherwise capitalized on Greenpoint's work, including, but not limited to, the Greenpoint Confidential Documents and the Greenpoint Valuation Method, for the purpose of, and in concert with Kerberos, unfairly competing with Greenpoint, gaining an unfair advantage over Greenpoint, and diverting investors and borrowers away from Greenpoint.

72. Apollo LP's actions have damaged Greenpoint and were taken in bad faith and in violation of Greenpoint's rights.

73. Apollo LP's conduct is intentional, in violation of Greenpoint's rights, dishonest, and improper.

74. By reason of the foregoing, Apollo LP, individually and in concert with Kerberos, is unfairly competing with Greenpoint.

75. As a direct and proximate result of Apollo LP's unfair competition, Greenpoint has sustained and will continue to sustain substantial injury including, but not limited to, actual damages, lost profits, harm to its reputation, and the diminution in value of the Greenpoint Valuation Method, the Greenpoint Confidential Documents and Greenpoint's business.

76. By reason of the foregoing, Greenpoint has been damaged in an amount to be determined at trial.

Fifth Claim for Relief
(Unjust Enrichment

77. Greenpoint repeats and realleges the allegations contained in paragraph 1 through 76 hereof.

78. Apollo LP has provided nothing of value to Greenpoint in return for Apollo LP's misappropriation, use and disclosure of the Greenpoint Confidential Documents and the Greenpoint Valuation Method.

79. Apollo LP has been unjustly enriched and has benefitted by misappropriating, using and disclosing the Greenpoint Confidential Documents and the Greenpoint Valuation Method and it would be inequitable to allow Apollo LP to retain the benefits of such misappropriation, use and disclosure.

80. Greenpoint has no remedy at law.

81. Accordingly, Greenpoint is entitled to an award of the economic benefit realized by Apollo LP and Kerberos from their misappropriation, use and disclosure of the Greenpoint Confidential Documents and the Greenpoint Valuation Method.

82. By reason of the foregoing, Greenpoint has been damaged in an amount to be determined at trial.

Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Greenpoint demands a trial by jury in this action of all issues so triable.

WHEREFORE, Greenpoint demands judgment:

    a. On the first claim for relief, in favor of Greenpoint and against Apollo LP

and Apollo GP jointly and severally for damages in an amount to be determined at trial;

      b. On the second claim for relief, in favor of Greenpoint and against Apollo LP and Apollo GP jointly and severally for damages, including exemplary damages, in an amount to be determined at trial;

      c. On the third claim for relief, in favor of Greenpoint and against Apollo LP and Apollo GP jointly and severally for damages, including exemplary damages, in an amount to be determined at trial;

      d. On the fourth claim for relief, in favor of Greenpoint and against Apollo LP and Apollo GP jointly and severally for damages, including exemplary damages, in an amount to be determined at trial;

      e. On the fifth claim for relief, in favor of Greenpoint and against Apollo LP and Apollo GP jointly and severally for damages in an amount to be determined at trial;

      e. Together with the costs and disbursements, including reasonable attorneys' fees, of this action; and

      f. Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       February 24, 2021

                GREENBERG FREEMAN LLP

                By: s/ Sanford H. Greenberg
                     Sanford H. Greenberg
                     110 East 59th Street
                     22nd Floor
                     New York, New York 10022
                     (212) 838-9738
                     sgreenberg@greenbergfreeman.com

                  Attorneys for Plaintiff Greenpoint Capital Management, LLC