UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GREENPOINT CAPITAL MANAGEMENT, LLC,

      Plaintiff,

  - against –

APOLLO HYBRID VALUE MANAGEMENT,
L.P. AND APOLLO HYBRID VALUE
MANAGEMENT GP, LLC,

      Defendants.
-----------------------------------------------------------------X

Civil Action No.:
21-cv-1654 (PGG)

**DEFENDANTS' ANSWER
AND JURY TRIAL DEMAND**

  Defendants Apollo Hybrid Value Management ("Apollo LP") and Apollo Hybrid Value Management GP, LLC ("Apollo GP") (collectively "Apollo"), by their attorneys, hereby answer the Complaint of Greenpoint Capital Management, LLC ("Greenpoint") as follows:

  1.  Apollo denies the allegations in the first two sentences of Paragraph 1. The last two sentences of Paragraph 1 summarize Greenpoint's alleged claims and requested relief. Apollo denies all of Greenpoint's claims and denies Greenpoint is entitled to any of its requested relief.

  2.  Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2, and therefore denies those allegations.

  3.  Apollo admits the allegations in Paragraph 3.

  4.  Apollo admits the allegations in Paragraph 4.

  5.  Apollo admits that Apollo GP is the general partner in Apollo LP. Apollo otherwise denies the allegations in Paragraph 5.

  6.  Apollo admits the allegations in Paragraph 6.

7. Apollo admits that: (a) Apollo LP and Apollo GP maintain their principal places of business and conduct business in this District; (b) this Court has personal jurisdiction over Apollo LP and Apollo GP; and (c) venue is proper in this District. Apollo otherwise denies the allegations of Paragraph 7.

8. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8, and therefore denies those allegations.

9. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9, and therefore denies those allegations.

10. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and therefore denies those allegations.

11. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11, and therefore denies those allegations.

12. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' Confidentiality and Non-Disclosure Agreement ("NDA") or otherwise.

13. Apollo denies the allegations in Paragraph 13.

14. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

15. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

16. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

17. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

18. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18, and therefore denies those allegations. Apollo further denies the characterization of the marketing materials enumerated in Paragraph 18 as confidential.

19. Apollo denies the allegations in Paragraph 19.

20. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20, and therefore denies those allegations. Apollo further denies the characterization of the marketing materials enumerated in Paragraph 18 as confidential.

21. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21, and therefore denies those allegations. Apollo further denies the characterization of the marketing materials enumerated in Paragraph 18 as confidential.

22. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22, and therefore denies those allegations.

23. Apollo admits that Apollo and Greenpoint had communications on or about February 11, 2020 about a possible meeting the following week. Apollo otherwise denies the allegations in Paragraph 23.

24. Apollo admits the allegations in Paragraph 24.

25. Apollo admits the allegations in Paragraph 25.

26. Apollo admits that it executed the NDA with Greenpoint attached to the Complaint as Exhibit A. Apollo otherwise denies the allegations in Paragraph 26 as an incomplete and vague description of the NDA's contents.

27. Apollo admits that it executed the NDA with Greenpoint attached to the Complaint as Exhibit A. Apollo otherwise denies the allegations in Paragraph 27 as an incomplete description of the NDA's contents.

28. Apollo admits that Greenpoint sent an email to Apollo on February 13, 2020 with five documents attached to the email (the "February 13, 2020 Email"). Apollo otherwise denies the allegations in Paragraph 28.

29. Apollo denies the allegations in Paragraph 29.

30. Apollo admits the allegations in Paragraph 30.

31. Apollo denies the allegations in Paragraph 31.

32. Apollo denies the allegations in Paragraph 32.

33. Apollo denies the allegations in Paragraph 33.

34. Apollo admits it did not invest in or with Greenpoint, and otherwise denies the allegations in Paragraph 34.

35. Apollo admits that: (a) in 2019, Apollo LP invested in a Special Purpose Vehicle owned by Kerberos; and (b) Kerberos is located in Illinois. Apollo otherwise denies the allegations in Paragraph 35.

36. Apollo denies the allegations in Paragraph 36.

37. Apollo lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 37, and therefore denies those allegations. Apollo admits the allegations in the second sentence of Paragraph 37.

38. Apollo denies the allegations in Paragraph 38.

39. Apollo denies the allegations in Paragraph 39.

40. Apollo denies the allegations in Paragraph 40.

41. Apollo denies the allegations in Paragraph 41.

42. Apollo denies the allegations in Paragraph 42.

43. Apollo denies the allegations in Paragraph 43.

44. Apollo repeats and incorporates by reference its responses to Paragraphs 1 to 43 above.

45. Apollo denies the allegations in Paragraph 45. The Apollo-Greenpoint NDA and all obligations of the parties thereunder terminated on February 12, 2021.

46. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46, and therefore denies those allegations.

47. Apollo denies the allegations in Paragraph 47.

48. Apollo denies the allegations in Paragraph 48.

49. Apollo repeats and incorporates by reference its responses to Paragraphs 1 to 48 above.

50. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

51. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

52. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

53. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

54. Apollo denies the allegations in Paragraph 54. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

55. Apollo denies the allegations in Paragraph 55.

56. Apollo denies the allegations in Paragraph 56.

57. Apollo denies the allegations in Paragraph 57.

58. Apollo denies the allegations in Paragraph 58.

59. Apollo denies the allegations in Paragraph 59.

60. Apollo denies the allegations in Paragraph 60.

61. Apollo repeats and incorporates by reference its responses to Paragraphs 1 to 60 above.

62. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62, and therefore denies those allegations. Greenpoint did not disclose any unique or proprietary "Greenpoint Valuation Method" to Apollo, pursuant to the parties' NDA or otherwise.

63. Apollo denies the allegations in Paragraph 63.

64. Apollo denies the allegations in Paragraph 64.

65. Apollo denies the allegations in Paragraph 65.

66. Apollo denies the allegations in Paragraph 66.

67. Apollo denies the allegations in Paragraph 67.

68. Apollo denies the allegations in Paragraph 68.

69. Apollo repeats and incorporates by reference its responses to Paragraphs 1 to 68 above.

70. Apollo lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70, and therefore denies those allegations.

71. Apollo denies the allegations in Paragraph 71.

72. Apollo denies the allegations in Paragraph 72.

73. Apollo denies the allegations in Paragraph 73.

74. Apollo denies the allegations in Paragraph 74.

75. Apollo denies the allegations in Paragraph 75.

76. Apollo denies the allegations in Paragraph 76.

77. Apollo repeats and incorporates by reference its responses to Paragraphs 1 to 76 above.

78. Apollo denies the allegations in Paragraph 78.

79. Apollo denies the allegations in Paragraph 79.

80. Apollo denies the allegations in Paragraph 80.

81. Apollo denies the allegations in Paragraph 81.

82. Apollo denies the allegations in Paragraph 82.

## PLAINTIFF'S DEMAND FOR JUDGMENT

Apollo denies Greenpoint is entitled to any of the requested relief in its demand for judgment.

## AFFIRMATIVE DEFENSES

Apollo sets forth below its affirmative defenses. By setting forth these affirmative defenses, Apollo does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Greenpoint. Apollo reserves the right to supplement these affirmative defenses prior to trial.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Greenpoint's claims are barred by laches, waiver, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

Greenpoint's claims are barred by its own unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Greenpoint has not suffered any cognizable injury or damages that were proximately caused by any conduct of Apollo.

## FIFTH AFFIRMATIVE DEFENSE

Greenpoint's alleged damages if any, are too speculative and uncertain.

## SIXTH AFFIRMATIVE DEFENSE

Greenpoint has failed to mitigate any alleged damages.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. enter judgment enter in favor Defendants on all counts of the Complaint;

2. award Defendants their reasonable attorneys' fees and costs as the prevailing parties, pursuant to: (a) Section 3 of the NDA between Apollo and Greenpoint dated as of February 12, 2020; and/or (b) 18 U.S.C. § 1836(b)(3)(D) because Greenpoint's trade secret misappropriation claims were asserted in bad faith; and

3. enter such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a jury on all counts so triable.

Dated: April 15, 2021

MINTZ LEVIN COHN FERRIS
GLOVSKY and POPEO, P.C.

*/s/ Laurence A. Schoen*
Laurence A. Schoen (admitted *pro hac vice*)
One Financial Center
Boston, MA 02111
Tel.: (617) 542-6000

Fax: (617) 542-2241
LASchoen@mintz.com


MINTZ LEVIN COHN FERRIS
   GLOVSKY and POPEO, P.C.

Ellen Shapiro
666 Third Avenue
New York, NY 10017
Tel.: (212) 935-3000
Fax: (212) 983-3115
eshapiro@mintz.com


*Attorneys for Defendants*