UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GREENPOINT CAPITAL MANAGEMENT, LLC,

                Plaintiff,

- against –

APOLLO HYBRID VALUE MANAGEMENT,
L.P. AND APOLLO HYBRID VALUE
MANAGEMENT GP, LLC,

                Defendants.
------------------------------------------------------------------X

Civil Action No.:
21-cv-1654 (PGG)

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

PAUL G. GARDEPHE, U.S.D.J.:

      WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, vendors and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

      1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind

produced or disclosed in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order (hereinafter "Confidential Discovery Material" or "Highly Confidential Discovery Material," respectively), shall not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone else except as this Order expressly permits:

    2.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential material:

    (a)    that constitutes, reflects, or discloses non-public, know how, proprietary data, marketing information, financial information and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information; or

    (b)    any other category of information this Court subsequently affords confidential status.

2

3. A Producing Party may designate as Highly Confidential – Attorneys' Eyes Only Discovery Material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and may include, without limitation:

(a) trade secrets; user data and associated security features; pricing information; forecast, budget, sales initiatives, and profit generation information; business dealings with customers/prospective customers; proprietary marketing plans and analysis; information related to business competition of the producing party; and other related and/or similar information;

or

(b) any other category of information hereinafter given highly confidential – attorneys' eyes only status by the Court.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information or Highly Confidential information, in which case the reporter

will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential [or Highly Confidential] Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or "Highly Confidential."

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, persons subject to this Order (other than the Producing Party) may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

4

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

5

9. Where a Producing Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, persons subject to this Order (other than the Producing Party) may disclose such information only to the following persons:

(a) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(c) any mediator or arbitrator that the Parties engage in this matter or that the Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) as to any document, its author, its addressee, any person indicated on the face of the document as having received a copy; or any other person characterized within a document as either the source of the information contained within the document or involved in the subject matter of the document, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

6

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) this Court, including any appellate court, and the court reporters and support personnel for the same.

10. Before disclosing any Confidential Discovery Material or Highly Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), 9(d), or 9(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms; provided, however, that nothing shall require counsel to obtain a signed Non-Disclosure Agreement before showing any document to the person identified on the face of the document as the author of that document. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. In accordance with paragraph 2 of this Court's Individual Practices, the Court's standing order, 19-mc-00583 and ECF Rules & Instructions, section 6, any Party that wishes to file Confidential or Highly Confidential Material with the Court shall file a motion to seal, including a letter brief and supporting declaration justifying — on a particularized basis — the sealing of such documents. If a Party files documents with the Court (the "Filing Party") that contain material that another Party or a Third Party has designated Confidential or Highly Confidential (the "Designating Party"), then the Filing Party shall file the Motion to Seal and notify the Designating Party that it shall then have three days to file a declaration and brief supporting the continued sealing of such materials. The parties should be aware that the Court will unseal

Case 1:21-cv-01644-PGG Document 161 Filed 04/23/21 Page 7 of 12

7

documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

12. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential, unless a showing can be made that such information constitutes a trade secret.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

8

15. Recipients of Confidential Discovery Material or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material or Highly Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts,

compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material or Highly Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material or Highly Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material or Highly Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material or Highly Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

21. A party receiving Confidential Discovery Material or Highly Confidential Discovery Material does not waive any rights by accepting that material without challenging such confidentiality designation.  For avoidance of doubt, no party may argue that the receiving party admitted that any document or information is in fact confidential merely because the receiving party declined to object to any confidentiality designation.  Similarly, by designating a document Confidential or Highly Confidential, a Producing Party does not concede that the entire document is Confidential or Highly Confidential, but rather that it has a good faith basis to assert that some information contained therein qualifies for such confidentiality treatment under this Order.

SO STIPULATED AND AGREED.

| | |
|---|---|
| GREENBERG FREEMAN LLP | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
| */s/ Sanford H. Greenberg* | */s/ Laurence A. Schoen* |
| Sanford H. Greenberg<br>110 East 59th St.<br>22nd Floor<br>New York, NY 10022<br>(212) 838-9738<br>sgreenberg@greenbergreeman.com | Laurence A. Schoen, admitted *pro hac vice*<br>One Financial Center<br>Boston, MA 0211<br>Tel: (617) 542-6000<br>Fax: (617 542-2241<br>lschoen@mintz.com |
| *Counsel for Plaintiff Greenpoint Capital Management, LLC* | Ellen Shapiro<br>666 Third Avenue<br>New York, NY 10017<br>Tel.: (212) 935-3000<br>Fax: (212) 983-3115<br>eshapiro@mintz.com |
| | *Counsel for Defendants Apollo Hybrid Value Management L.P. and Apollo Hybrid Value Management GP, LLC* |

Dated: April 21, 2021
New York, New York

SO ORDERED.

*(signature: Paul G. Gardephe)*

Paul G. Gardephe
United States District Judge
Dated: April 23, 2021

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Plaintiff(s),<br><br>- against -<br><br>Defendant(s). | **NON-DISCLOSURE<br>AGREEMENT**<br><br>_____ Civ. _____ (PGG) |

I, _____ acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only.  I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Dated:

12

110711996v.1